## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

JONATHAN MORRIS                                                    PLAINTIFF
ADC #150394

V.                              No. 4:23-CV-303-JM-JTR

ARKANSAS DEPARTMENT
OF CORRECTION; FAULKNER COUNTY                          DEFENDANTS

## <u>ORDER</u>

### I.      Introduction

On March 28, 2023, Plaintiff Jonathan Morris ("Morris"), an inmate in the

Cummins Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se*

§ 1983 action alleging that his constitutional rights have been violated. *Doc. 2*. He

has since filed a Motion to File an Amended Complaint ("Motion to Amend").

*Doc. 6.* Before Morris may proceed with this action, the Court must screen his

claims.[1]

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

## II.   Allegations

In his Complaint and Motion to Amend, Morris alleges that, since he has been incarcerated in the ADC, inmates and staff have "said and done things" to provoke him "to get mad or fight them." *Doc. 2-1 at 4, 6.* He claims that both inmates and staff have verbally abused him, played "mental games" with him, and "jumped" him. *Id. at 6.*

In particular, Morris grieves that he has been put in an isolation cell with an inmate who constantly provokes him to get into a fight. *Id.; Doc. 6 at 1.* When he asks to move, he is told that he must "take a disciplinary" to do so. *Doc. 6 at 1.* The few times he has been moved from the cell, he was placed in a "freezing" holding cell. *Doc. 2-1 at 6.*

Morris has tried to report the alleged verbal, mental, and physical abuse to correctional officers, but they only laugh at him, tell him he is "crazy," and "call mental health to talk to [him]." *Id. at 4, 6.* Due to the abuse, Morris has repeatedly refused to return to his barracks. *Id. at 6.* Consequently, he has received fourteen disciplinaries for disobeying orders and his six-month sentence has been extended. *Id.*

Morris names the Arkansas Department of Correction and Faulkner County as the only two Defendants. For relief, he seeks monetary damages, declaratory judgment, and to recover his "time wasted sitting in ADC." *Doc. 2-1 at 5; Doc. 6 at*

1. He also requests that the Court issue a preliminary injunction to have him removed from his cell. *Id.*

## III.   Discussion

Before Morris can proceed with his claims, 28 U.S.C. § 1915A requires the Court to screen his Complaint, which "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a prisoner's § 1983 Complaint must allege facts sufficient to show how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Id*. at 676.

*Liberally* construing Morris's Complaint, he seeks to bring a failure to protect claim against the ADC for repeatedly placing him in a cell with an inmate that has provoked him to get into physical fights. He also states that ADC officials have subjected him to excessive force and unconstitutional conditions of confinement. There are several deficiencies in Morris's Complaint that must be resolved if this case is to proceed.

First, Morris's Complaint is vague and overbroad. He does not provide any *specific factual allegations* regarding: (1) any fights between him and his cellmate; (2) being "jumped" by ADC officials; and (3) his time in a "freezing" cell.

Second, Morris's allegations of verbal abuse by prison officials, unaccompanied by injury, is insufficient to state a constitutional claim. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Third, in order to bring a claim against the ADC and Faulkner County, he must allege facts showing that any underlying constitutional violation was the result of an ADC policy, custom, or failure to train. *See Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). He has failed to do so. Additionally, any monetary claim against the ADC is barred by sovereign immunity. *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989).

Fourth, to the extent that Morris seeks to be released from ADC custody, he may not do so in this § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (prisoners seeking speedier release may only do so "through a habeas corpus action, not through § 1983").

Finally, in order to seek a preliminary injunction Morris must come forward with sufficient facts and evidence for the Court to consider: (1) the threat of irreparable harm to him; (2) the balance between the harm to him and the harm to the Defendants should the injunction issue; (3) the likelihood of success on the

4

merits; and (4) the public interest. *Roudachevski v. All-American Care Centers, Inc.,* 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 114 (8th Cir. 1981)). Morris has made no argument regarding the *Dataphase* factors.

In light of the of the noted deficiencies in Morris's Complaint, the Court will give him 30 days, from the date of this Order, to file an Amended Complaint. Morris is placed on notice that, if he files the requested Amended Complaint, that pleading will supersede his previous Complaint. *See In re Atlas Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000). Thus, his Amended Complaint should contain all Defendants he seeks to name in this matter, the claim or claims he seeks to pursue in this action, and the factual predicate for that claim. The Amended Complaint should also provide specific factual allegations detailing: (1) *how* his constitutional rights were violated through the ADC or Faulkner County's policies, practices, or failure to train or supervise its employees; and (2) *if* Morris seeks to pursue *personal* capacity claims against any Defendant, how each Defendant *personally participated* in violating his constitutional rights.

If Morris elects not to file an Amended Complaint providing the additional information requested in this Order, the Court will proceed to screen his Complaint. Morris is placed on notice that, if he elects to stand on the allegations in his

Complaint, the Court is likely to conclude that this § 1983 action should be dismissed, without prejudice, for failing to state a claim for relief.

### IV.   Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Morris's Motion to Appoint Counsel (*Doc. 5*) is DENIED as premature.

2.      Morris's Motion to Amend (*Doc. 6*) is GRANTED to the extent that he may file an Amended Complaint in accordance with this Order.

3.      Morris's Motion for Status (*Doc. 7*) is GRANTED. The Clerk is directed to send Morris a copy of the docket sheet.

4.      The Clerk is further directed to send Morris a new § 1983 complaint form labeled "Amended and Substituted Complaint."

5.      Morris will be allowed to file, **within thirty (30) days of the date of this Order,** an Amended Complaint that complies with the directions in this Order. If he does not timely and properly do so, the Court will screen his Complaint, which will likely result in a recommendation that his claims be dismissed.

DATED this 16th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE